*Attorney for Plaintiff*
**Rory Leisinger**
**Rory Leisinger, Esq.**
**Leisinger Law, LLP**
**118 N. Citrus Ave, Suite B**
**Covina, CA 91723**
**(P) (626) 290-2868**
**(e)  rory@leisingerlaw.com**

**UNITED STATES DISTRICT COURT**
**FOR THE**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ROBERT A. ROSITANO, Jr., an Individual on behalf of himself and all others similarly situated,**<br><br>Plaintiff,<br><br>vs.<br><br>**ACCELERATED RECOVERY SERVICES, INC.,**<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION**<br><br>COMPLAINT<br><br>AND<br><br>JURY TRIAL DEMAND |

Plaintiff, Robert A. Rositano, Jr., on behalf of himself (hereinafter "Plaintiff"), and all others similarly situated, by and through his undersigned attorney, alleges against the Defendant Accelerated Recovery Services, Inc. (hereinafter "Defendant") as follows:

**PRELIMINARY STATEMENT**

1. This is an action for damages arising from Defendant's violations of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA" or "the Act"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788, *et seq.* (hereinafter "the Rosenthal Act"), both of which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.  Such collection practices include, *inter alia,* Defendant's failure comply with the validation of debt requirements in its initial communication with the Plaintiff pursuant to 15 U.S.C. §1692g and California Civil Code § 1788.17.

2. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress found that the Act was necessary because existing consumer protection laws were inadequate as demonstrated by abundant evidence of abusive, deceptive and unfair debt collection practices by many debt collectors which contributed to personal bankruptcies, marital instability, loss of jobs and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses.

3. The FDCPA is a strict liability statute, which provides for actual and/or statutory damages upon the showing of one violation. The FDCPA is construed broadly so as to effectuate its remedial purposes and a debt collector's conduct is judged from the standpoint of the "least sophisticated consumer."

4. To prohibit deceptive practices, the FDCPA at 15 U.S.C. § 1692g, sets forth the requirement for the validation of debts and the statements to be included by a debt collector (Defendant) in its initial communication with the consumer (Plaintiff). Among the statements required in such initial communication with the consumer is "***a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.*** 15 U.S.C. §1692g(a)(3) (emphasis supplied).

5. The Legislature of the State of California made the followings findings with respect to enactment of the Rosenthal Act:

(1) The banking and credit system and grantors of credit to consumers are

dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.

(2) There is a need to ensure that debt collectors and debtors exercise their responsibilities to one another with fairness, honestly and due regard for the rights of the other. It is the purpose of this title [Rosenthal Act] to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts.

California Civil Code §1788.1

6. The Rosenthal Act likewise mandates debt collectors (Defendant) to comply with the validation of debt requirements and statements to be made in its initial communication with consumers (Plaintiff) as set forth in 15 U.S.C. 1692g, and the failure to do so is a separate and distinct violation of the Rosenthal Act. California Civil Code §1788.17

7. The Plaintiff, individually and behalf of all others similarly situated, seeks actual damages, statutory damages, attorneys' fees, costs and all other relief, legal or equitable in nature, as deemed appropriate by the Court, pursuant to the FDCPA, the Rosenthal Act and all other common or statutory law.

## **JURSIDICTION AND VENUE**

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. §1692k(d).

9. Venue is proper in this district under 28 U.S.C § 1391(b).

**PARTIES**

10.     Plaintiff is a natural person, who at all relevant times has resided in the city of Los Gatos, Santa Clara, State of California, and is a "consumer" as defined by 15 U.S.C. § 1692a(3) and a debtor as defined by California Civil Code § 1788.2(h).

11.     Defendant is incorporated and doing business in the State of California with its corporate offices at 1660 Broadway Street, Redwood City, California 94063, and is a "debt collector" as defined by 15 U.S.C § 1692a(6) and California Civil Code § 1788.2(c).

**CLASS ACTION ALLEGATIONS**

12.     Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure Rule 23, on behalf of himself and all persons/consumers, along with their successors-in-interest, who reside in the State of California and have received within one year from the date of Plaintiff's Complaint similar debt collection notices/letters/communications from Defendant which, as alleged herein, are in violation of the FDCPA, 15 U.S.C. § 1692, *et seq.*, and the Rosenthal Act, California Civil Code, §§ 1788, *et seq.* Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant as impracticable.

13.     On information and belief, thousands of persons have received debt collection notices/letters/communications from Defendants which violate the FDCPA, 15 U.S.C. § 1692, *et seq.*, and the Rosenthal Act, California Civil Code, §§ 1788, *et seq.*

14,     This Class satisfies all the requirements of F.R.C.P. Rule 23 for maintaining a class action.

15. The Class is so numerous that joinder of all members is impracticable. On information and belief, thousands of persons have received debt collection notices/letters/communications from Defendant which violate the FDCPA, 15 U.S.C. § 1692, *et seq.,* and the Rosenthal Act, California Civil Code §§ 1788, *et seq.*

16. The debt collection notices/letters/communications received by the Class from the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

17. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether Defendant violated FDCPA § 1692, *et seq.* ; (ii) Whether the Defendant violated the Rosenthal Act, California Civil Code §§ 1788, *et seq.* (iii) Whether Plaintiff and the Class have been injured by Defendant's conduct; (iv) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (v) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

18. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

19. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C. § 1692(k).

20. The members of the class have claims which are unlikely to be vindicated in the absence of a class action.

21. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

22. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

23. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

24. Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of their statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

25. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

**FACTUAL STATEMENT**

26. Upon information and belief, and at all times relevant to this litigation, Defendant has engaged in a course of collection attempts on a consumer debt allegedly owed by the Plaintiff, which originated with and allegedly remains due and owing to Bay Club Courtside, and is a "consumer debt" as that term is defined by the FDCPA, 15 U.S.C.

§ 1692a(5) and the Rosenthal Act, California Civil Code § 1788.2(d).

27. In a letter dated April 23, 2015 (hereinafter the "Collection Letter"), under the signature of Jason Tyler, Defendant advised Plaintiff, *inter alia*, that a debt was due and owing Bay Club Courtside and such debt had been referred to Defendant for collection.

28, The Collection Letter was an attempt by Defendant to collect on a consumer debt.

29. Upon information and belief, the Collection Letter was the first written communication sent by Defendant to Plaintiff.

30. The Collection Letter provides, in pertinent part, as follows:

> "Your account with BAY CLUB COURTSIDE has been referred to us for collection.  The current outstanding balance is $853.27.
>
> This is an attempt to collect a debt.  Any information obtained will be used for that purpose.  Unless you dispute the validity of this debt or any portion thereof, within 30 days of receiving this initial written notice to you, ***the debt will be assumed valid."***
> (emphasis added)

A true and accurate copy of the Collection Letter is annexed hereto and made a part hereof as Exhibit A.

31. The Plaintiff received the Collection Letter on or about April 29, 2015.

# COUNT I
# VIOLATIONS OF THE FAIR DEBT COLECTIONS PRACTICES ACT
# 15 U.S.C. §1692g(a)(3), 15 U.S.C. §1692e Preface and 15 U.S.C. § 1692(e)(10).

32. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 31 of the Complaint and incorporates them by reference with the same force and effect as if set forth specifically herein.

33. In an effort to collect a consumer debt, Defendant caused the Collection Letter dated April 23, 2015 to be sent to Plaintiff.

34. The Collection Letter was received by Plaintiff on or about April 29, 2015.

35. The Collection Letter stated, *inter alia*, and in pertinent part:

> "Your account with BAY CLUB COURTSIDE has been referred to us for collection. The current outstanding balance is $853.27.
>
> This is an attempt to collect a debt. Any information obtained will be used for that purpose. Unless you dispute the validity of this debt or any portion thereof, within 30 days of receiving this initial written notice to you, *the debt will be assumed valid."*
> (Emphasis added)

See Exhibit A.

36. The FDCPA, 15 U.S.C. § 1692g(a)(3) requires a debt collector (Defendant) to inform the consumer (Plaintiff) that "unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid *by the debt collector*." (Emphasis added).

37. Defendant failed to include in the Collection Letter the language that the debt would be assumed to be valid "by the debt collector," in violation of 15 U.S.C. § 1692g(a)(3).

38.     Upon Plaintiff's receipt of the Collection Letter, based upon the content thereof, Plaintiff did not know, and could not know, that only Defendant would be entitled to assume the debt is valid if Plaintiff did not dispute the debt within the prescribed thirty (30) day time period.

39.     The statement in the Collection Letter that the debt "*will be assumed valid*," without stating by whom the debt will be assumed to be valid, would lead the least sophisticated consumer to believe that the debt will be assumed to be valid by various other parties, including even a court or other governmental authority. (Emphasis added).

40.     In as much as Defendants' statement in the Collection Letter is a violation of 15 U.S.C. § 1692g(a)(3), the statement at its core value is as well a false, deceptive and misleading representation of Plaintiff's rights in violation of 15 U.S.C. §1692e Preface and 15 U.S.C. § 1692(e)(10).

41.     Defendant's actions were knowing and willful.

42.     As a result of Defendant's wrongful collection practices, Plaintiff has been damaged and is entitled to relief.

### COUNT II
### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### CALIFORNIA CIVIL CODE §§ 1788.17.

43.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 42 of the Complaint and incorporates them by reference with the same force and effect as if set forth specifically herein.

44.     In an effort to collect a consumer debt, Defendant caused the Collection Letter dated April 23, 2015 to be sent to Plaintiff.

45. The Collection Letter was received by Plaintiff on or about April 29, 2015.

46. The Collection Letter stated, *inter alia*, and in pertinent part:

> "Your account with BAY CLUB COURTSIDE has been referred to us for collection. The current outstanding balance is $853.27.
>
> This is an attempt to collect a debt. Any information obtained will be used for that purpose. Unless you dispute the validity of this debt or any portion thereof, within 30 days of receiving this initial written notice to you, ***the debt will be assumed valid.***" (Emphasis added)

See Exhibit A.

47. The FDCPA, 15 U.S.C. § 1692g(a)(3) requires a debt collector (Defendant) to inform the consumer (Plaintiff) that "unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid *by the debt collector*." (Emphasis added).

48. Defendant failed to include in the Collection Letter the language that the debt would be assumed to be valid "**by the debt collector**" in violation of 15 U.S.C. § 1692g(a)(3). (Emphasis added.)

49. Upon Plaintiff's receipt of the Collection Letter, based upon the content thereof, Plaintiff did not know, and could not know, that only Defendant would be entitled to assume the debt is valid if Plaintiff did not dispute the debt within the prescribed thirty (30) day time period.

50. The statement in the Collection Letter that the debt "***will be assumed valid***," without stating by whom the debt will be assumed to be valid, would lead the least sophisticated consumer to believe that the debt will be assumed to be valid by various other parties, including even a court or other governmental authority, and is a violation of U.S.C.

10

§ 1692(a)(3) (emphasis added).

51.  In as much as Defendants' statement in the Collection Letter is a violation of 15 U.S.C. § 1692g(a)(3), the statement at its core value is as well a false, deceptive and misleading representation of Plaintiff's rights in violation of 15 U.S.C. §1692e Preface and 15 U.S.C. § 1692(e)(10).

52.  The Rosenthal Act, California Civil Code § 1788.17, requires every debt collector (Defendant) attempting to collect a consumer debt to comply with the provisions of "Sections 1692b to 1692j, inclusive, of , and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

53.  The statement in the Defendant's Collection Letter that the debt "*will be assumed valid*," is a violation of the FDCPA, 15 U.S.C. § 1692ePreface, 15 U.S.C. § 1692(e)(10) and 15 U.S.C. § 1692(a)(3), and, thereby also constitutes a violation of the Rosenthal Act, California Civil Code § 1788.17.

54.  Defendant's actions were knowing and willful.

55.  As a result of Defendant's wrongful collection practices, Plaintiff has been damaged and is entitled to relief.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triabal.

## RELIEF

WHEREFORE, Plaintiff, Robert A. Rositano, Jr. respectfully requests that this Court enter judgment against the Defendant and on behalf of Plaintiff for the following:

A.  Certifying the class as described above pursuant to Fed. R. Civ. P. 23(b)(3);

B.  Declaring the Defendant's actions as described above to be in violation of the FDCPA;

C.  Declaring the Defendant's actions as described above to be in violation of the Rosenthal Act;

D.  An award of actual damages for the Plaintiff and all class members pursuant to 15 U.S.C. § 1692k(a)(1);

E.  An award of statutory damages for the Plaintiff and all class members pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B);

F.  An award of costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3);

G.  An award of actual damages for the Plaintiff and all class members pursuant to California Civil Code § 1788.30(a);

H.  An award of statutory damages for the Plaintiff and all class members pursuant to California Civil Code § 1788.30(b);

I.  An award of costs and reasonable attorneys' fees pursuant to California Civil Code § 1788.30(c);

J.  Enjoining Defendant from further misrepresenting the effects of a consumer's failure to dispute the debt within the applicable (30) day period under 15 U.S.C. §1692g.

K.  Enjoining Defendant from further misrepresenting the effects of a consumer's failure to dispute the debt within the applicable (30) day period under California Civil Code § 1788.17; and.

L.  Such other and further relief as the Court may deem just and equitable.

Respectfully submitted this 12th Day of April, 2016

          Respectfully Submitted,

          s/ Rory Leisinger
          Attorney for Plaintiff
          Rory Leisinger
          Rory Leisinger, Esq.
          Leisinger Law, LLP
          118 N. Citrus Ave, Suite B
          Covina, CA 91723
          (P) (626) 290-2868
          (e) rory@leisingerlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 12, 2016, the foregoing was filed electronically with the Clerk of Court via ECF and will be served upon Defendant via personal service at the following address:

    Accelerated Recovery Services, Inc.
    1660 Broadway Street
    Redwood City, California 94063

          s/ Rory Leisinger
          Rory Leisinger